IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRELL RAY SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-0072 |
| ) | |
| STATE PUBLIC DEFENDERS OFFICE, ) | Judge Nixon |
| MIKE ENGLE, and ) | |
| JUDGE CHERYL BLACKBURN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Darrell Ray, Sr., a prisoner currently presently incarcerated at the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 against defendants the State Public Defender's Office (hereafter, "public defender's office"),[1] attorney Mike Engle, and Judge Cheryl Blackburn. (ECF No. 1.) The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

I.  **Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or seeks relief from government entities or officials, 28 U.S.C. § 1915A. Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such

---

[1] There is no "State" Public Defender's Office. The Court presumes the plaintiff refers to the Office of the Metropolitan Nashville Public Defender.

relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. In conducting the initial review, the Court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## II. Factual Allegations

In his complaint, the plaintiff alleges that he "went to court" several times during the summer of 2014 to discuss entering a plea to the crimes he was charged with. He declined the state's offers to settle. In September 2014, he went back to court with the intention of firing his attorney, Mike Engle, on the grounds that the attorney was not "looking into or investigat[ing] the crime or charges against [him]." (ECF No. 1, at 5.) Judge Cheryl Blackburn refused to allow the plaintiff to fire his attorney.

A week later, the plaintiff was back in court and asked Judge Blackburn for a bench trial. His attorney yelled at him: "No! I'm not listening to you anymore. I'm doing this my way." (*Id.*)

The plaintiff states that in the ensuing months, he did reach an agreement to plead guilty to a charge of criminal attempt. He went to court on December 18, 2014, presumably to enter the plea, and discovered that his attorney had "changed the plea" to include a charge of aggravated child neglect. He states that he wrote a letter to Judge Blackburn telling her that her attorney changed the plea without telling him. He does not expressly state whether he entered the plea, but the context of the complaint suggests that he did.

The plaintiff also does not state the relief sought. In the section of the form complaint reserved for listing the relief requested, the plaintiff states: "I'm losing 10 yrs of my life. I'm missing my 9 yr old grow up. What is it worth?" (*Id.*)

### III. Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The initial problem with the plaintiff's complaint is that it literally fails to state a claim for relief. That is, no relief is sought. It is therefore unclear what action the plaintiff seeks from the Court. The Court will presume for purposes of this review that the plaintiff seeks both equitable relief and damages.

The public defender's office and Mike Engle, the plaintiff's criminal defense attorney, even if appointed by the state court, are not considered to be persons who act under color of state law for purposes of a claim under 42 U.S.C. § 1983. The claims against them under § 1983 are therefore subject to dismissal for failure to state a claim for which any relief may be granted. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *see also Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) ("Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding." (citing *Polk*, 454 U.S. at 318)); *Cicchini v. Blackwell*, 127 F. App'x 187,

190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes." (citing *Polk*, 454 U.S. at 318)). The complaint therefore fails to state a claim against attorney Engle or the public defender's office.

Insofar as the plaintiff might seek damages against Judge Cheryl Blackburn, such a claim fails because judges are absolutely immune from suit for damages. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). State court judges are even immune from injunctive relief, except in circumstances not relevant here. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970) ("[F]ederal courts have no authority . . . to direct state courts or their judicial officers in the performance of their duties.").

Moreover, judicial immunity is not overcome by allegations that a judge acted in bad faith or with malice. *Mireles*, 502 U.S. at 11. Rather, a judge performing judicial functions is absolutely immune from suit even if acting erroneously, corruptly or in excess of jurisdiction. *Id.* at 12–13. Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Id.* at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

The plaintiff here does not allege facts that would permit him to circumvent the absolute immunity accorded state judges under these principles. Even if that were not the case, the plaintiff does not allege facts suggesting that Judge Blackburn took any action that deprived the

plaintiff of his constitutional rights. It appears that Judge Blackburn denied his request to "fire" his attorney; the plaintiff subsequently pleaded guilty to charges in her court and later attempted to inform her that the plea did not reflect his intent. These allegations do not implicate the plaintiff's constitutional rights.

IV. **Conclusion**

The plaintiff's federal claims will be dismissed for failure to state a claim and on the basis of judicial immunity. Insofar as the plaintiff may have intended to assert a state-law attorney malpractice claim against his defense counsel, the Court declines to exercise jurisdiction over such claim, since the federal claims upon which the Court's jurisdiction is premised will be dismissed. 28 U.S.C. § 1367(c)(3). The state-law claim will be dismissed without prejudice to the plaintiff's ability to raise the same claims in the appropriate state court.

An appropriate order is filed herewith.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT